UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SULLIVAN WALTER,<br><br>                                         Plaintiff,<br><br>  – against –<br><br>THE CITY OF NEW ORLEANS; JASON WILLIAMS, in his official capacity as Orleans Parish District Attorney; MICHELLE WOODFORK, in her official capacity as Superintendent of the New Orleans Police Department; HARRY O'NEAL, in his individual capacity; and JOHN/JANE DOES #1-20, in their individual capacities,<br><br>                                         Defendants. | No. 23-CV-4352 (SM) (DPC) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE
FORMER DISTRICT ATTORNEY DEFENDANTS' MOTION TO DISMISS**

Plaintiff Sullivan Walter respectfully submits this memorandum in opposition to former Defendants Harry Connick, Sr., Eddie Jordan, and Leon Cannizzaro, Jr.'s (the "Former D.A.s") motion[1] to dismiss the claims against them under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff has filed a notice of voluntary dismissal of his claims against all three Former D.A.s and, therefore, there are no pending claims against them. Accordingly, in the event the Former D.A.s do not withdraw the Motion as moot, the Court should deny the Motion as moot.

**BACKGROUND**

On August 25, 2023, Plaintiff filed his complaint against the City of New Orleans, Jason Williams, Michelle Woodfork, Harry Connick, Sr., Eddie Jordan, Jr., Leon Cannizzaro, Jr., Harry O'Neal, and John/Jane Does #1-20.[2] On September 11, 2023, the Former D.A.s filed the Motion, arguing that Plaintiffs' claims against them should be dismissed because they are former,

---

1. R. Doc. 23 (the "Motion").
2. R. Doc. 1.

not current, officials, and they were sued in their official capacities only.[3]  On September 19, 2023, Plaintiff filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) solely as to his claims against the three Former D.A.s in their official capacities.[4]

## DISCUSSION

Because Plaintiff has voluntarily dismissed the Former D.A.s from this action under Rule 41(a)(1)(A)(i), there are no longer pending claims against them, making their Motion moot.

Under Rule 41(a)(1)(A)(i), a plaintiff can voluntarily dismiss an action, without prejudice, by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *See Welsh v. Correct Care L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019) ("Federal Rule of Civil Procedure 41(a)(1)(A)(i) grants [plaintiff] an absolute right to dismiss his lawsuit before the defendant has filed an answer or a summary judgment motion."). "A voluntary dismissal may include fewer than all defendants, and the notice of dismissal is self-effectuating." *Dendinger v. Covidien LP*, 2018 U.S. Dist. LEXIS 182389, at *2 (E.D. La. Oct. 24, 2018) (citing *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 974 (5th Cir. 2015) (per curiam); *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973)). *See also Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980) (Rule 41(a)(1) permits dismissal of some parties to a suit without dismissal of the entire controversy).

On September 19, 2023, Plaintiff filed a notice of voluntary dismissal as to his claims against the Former D.A.s.  Because "this document is immediately self-effectuating," *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010), there are no longer any claims pending against the Former D.A.s.  Accordingly, the Motion should be denied as moot. *See Crotts v. Robinson*, 2022 WL 2913747, 2022 U.S. App. LEXIS 20334, at *1-2 (5th Cir. July 22, 2022) (per

---

3. R. Doc. 23 at 1.
4. R. Doc. 24.

curiam) (affirming order "denying, as moot, [defendant's] motion to dismiss" following dismissal of suit under Rule 41(a)(1)(A)(i), which "triggered the automatic, absolute, and unfettered right to obtain a dismissal without prejudice without the need of a court order"); *Ashley v. Perry*, 2013 U.S. Dist. LEXIS 110150, at *3 (M.D. La. Aug. 6, 2013) (denying as moot defendant's motion to dismiss following voluntary dismissal under Rule 41(a)(1)(A)(i)).[5]

## CONCLUSION

For the foregoing reasons, in the event the Former D.A.s do not withdraw their Motion as moot, the Court should deny the Motion as moot.

Respectfully submitted,

September 19, 2023

| MURELL LAW FIRM | SHANIES LAW OFFICE PLLC |
|---|---|
| | *David W Shanies* (signature) |
| Christopher J. Murell<br>La. Bar No. 32075<br>2831 Saint Claude Avenue<br>New Orleans, Louisiana 70117<br>(504) 717-1297 (Tel)<br>chris@murell.law | David B. Shanies* (T.A.)<br>Deborah I. Francois*<br>Eleanor C. Davis*<br>110 West 40th Street, Tenth Floor<br>New York, New York 10018<br>(212) 951-1710 (Tel)<br>david@shanieslaw.com<br>deborah@shanieslaw.com<br>eleanor@shanieslaw.com<br><br>*Admitted *Pro Hac Vice* |

*Attorneys for Plaintiff Sullivan Walter*

---

5. Whether a former official may be sued in their official capacity under *Monell* is unsettled. The Former D.A.s are correct that certain district courts have dismissed such claims, and the Fifth Circuit has suggested in dicta that only the current district attorney should be named as a *Monell* defendant. Other, similar cases have seen former officials, including former district attorneys, sued under *Monell*. In one such case, the same attorneys who filed the instant Motion represented the *current* New Orleans District Attorney and acquiesced to his dismissal as a *Monell* defendant, while the *former* district attorney remained a *Monell* defendant. *See Floyd v. Dillmann* et al., No. 19-cv-08769 (JTM) (MBN) (E.D. La.), at R. Doc. 270. Here, Defendants seek the opposite arrangement. In either case, as the Motion concedes, the ultimate party in interest to a *Monell* claim is the underlying government entity. *See* R. Doc. 23-1 at 2. Mr. Walter will not waste the Court's limited time and resources, or his own, on a dispute over who should be the official capacity defendants.